UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                              Chapter 11

CHU H. KWON, et al.[1],                             Case No. 1:19-44290 (ESS)
                                                    Jointly Administered

                                          Debtor.

-------------------------------------------------------------X

# ORDER CONFIRMING 5TH AVENUE MIXED USE LLC'S FIRST AMENDED PLAN OF REORGANIZATION FOR 4811 ASSOCIATES LLC

5th Avenue Mixed Use LLC (the "Secured Creditor" and/or "Plan Proponent") having proposed and filed a *First Amended Plan of Reorganization for 4811 Associates LLC* dated and filed on May 22, 2020 (the "Plan") [ECF No. ~~62~~ ***38 in 1-19-44263***][2] and a *First Amended Disclosure Statement* dated and filed on May 22, 2020 (the "Disclosure Statement") [ECF No. ~~61~~ ***37 in 1-19-44263***] in this case filed by 4811 Associates LLC ("Debtor") under Title 11 of the United States Code (the "Bankruptcy Code");

**AND** upon the *Proffer by Affidavit of David Aviram in Support of 5th Avenue Mixed Use LLC's Compliance with 11 U.S.C. § 1129* filed on March 6, 2020 [ECF No. 49], the *Proffer by Affidavit of Edward Martell in Support of 5th Avenue Mixed Use LLC's Compliance with 11 U.S.C. § 1129* filed on May 22, 2020 [ECF No. 68], the *Debtors' Limited Objections to Confirmation of the Plan of Reorganization of 5th Avenue Mixed Use LLC* filed on February 28, 2020 [ECF No. 44], the *Response to Debtors' Limited Objections to Confirmation of the Plan of Reorganization of 5th*

---

[1] A list of the Debtors in these chapter 11 cases, along with the case numbers and last four digits of each Debtor's federal tax identification number, is listed on the Appendix attached hereto.

[2] Unless otherwise indicated, all reference to "ECF No. __" shall refer to the docket for the lead case of Chu H. Kwon, 1-19-44290 (ESS).

*Avenue Mixed Use LLC* filed on March 5, 2020 [ECF No. 48], the *Affirmation in Opposition to the Proposed Amended Chapter 11 Plan* of the Debtor filed on August 25, 2020 [ECF No. 45 in 1-19-44263; ECF No. 44 in 1-19-44264; ECF No. 45 in 1-19-44265], the *Response to Debtors' Objections to Confirmation of the Plans of Reorganization of Creditor 5th Avenue Mixed Use LLC* filed on August 26, 2020 [ECF No. 114], the *Stipulation and Order (I) Withdrawing Adversary Complaint (II) Withdrawing Objection to Confirmation (III) Approving Settlement and for (IV) Related Relief* filed on September 24, 2020 [ECF No. 122], which, among other things, withdrew Debtor's objections to the Plan and Disclosure Statement;

**AND** upon the hearing to consider final approval of the Disclosure Statement and confirmation of the Plan having been held before this Court on October 16, 2020 (the "Hearing") on notice to all holders of Claims[3] and Interests in the Debtor and other interested parties (collectively, the "Claimants"), and copies of the Plan, the Disclosure Statement, the *Corrected Order Conditionally Approving 5th Avenue Mixed Use LLC's Chapter 11 Disclosure Statement and Scheduling Hearing to Consider: (A) Final Approval of 5th Avenue Mixed Use LLC's Chapter 11 Disclosure Statement Pursuant to 11 U.S.C. §1125; and (B) Confirmation of 5th Avenue Mixed Use LLC's Chapter 11 Plan for Debtors: 5507 Associates LLC, 4811 Associates LLC and 5505 Associates LLC under 11 U.S.C. § 1129* (the "Scheduling Order") to Approve the Disclosure Statement and Confirm the Plan advising Claimants of the time for filing objections to the Disclosure Statement and to Confirmation of the Plan having been mailed to all Claimants in accordance with the Scheduling Order; and the Court having determined that the Plan and

---

[3] Capitalized terms used herein but not otherwise defined shall have the meanings given to them in the Plan (as defined herein).

Disclosure Statement contain good, adequate and sufficient information with respect to the Debtor, the conduct of the chapter 11 case and the payments to be made to Claimants under the Plan;

**AND** the Secured Creditor having given notice of the Hearing to all interested parties on February 10, 2020 as indicated in the affidavits of service thereof [ECF Nos. 42, 43], and the Court having conducted the Hearing on October 16, 2020; and upon the pleadings filed heretofore, and the record in this proceeding, and being otherwise fully advised, and this Court having found all persons entitled thereto have received proper and timely notice of the Hearing in accordance with the Scheduling Order, § 1128 of the Bankruptcy Code and Rule 2002(b) of the Federal Rules of Bankruptcy Procedure, and upon the record of the Hearing held on October 16, 2020; and upon all the proceedings held before the Court in this Case; and after due deliberation, and sufficient cause appearing therefor;

**AND** the solicitation of acceptances from holders of Claims and Interests in this Case being unnecessary pursuant to § 1126(f) of the Bankruptcy Code since all holders of Claims and Interests are conclusively presumed to have accepted the Plan, and all Classes of Claims and Interests are unimpaired as that term is defined in § 1124 of the Bankruptcy Code;

**AND** the Plan Proponent, having satisfied the Court that it has the ability to fund the Plan obligations on the Effective Date for the sale of the real property of the Debtor, commonly known as 4811 5th Avenue, Brooklyn, New York 11220 (Block 775; Lot 4) (the "Property");[4]

---

[4] Upon information and belief, the Property consists of a four story walk up mixed use building.

**IT IS HEREBY FOUND, CONCLUDED and DETERMINED**, after notice and a hearing, that:

## Findings of Fact and Conclusions of Law

1. The Disclosure Statement contains full, adequate and sufficient information for creditors to be informed as to what they will receive under the Plan.

2. The Plan complies with the applicable provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure:

   a. <u>Proper Classification (§§1122 and 1123(a)(1)).</u> The classification of Claims and Interests under the Plan complies with §1122 of the Bankruptcy Code. The Claims or Interests placed in a particular class pursuant to the Plan are substantially similar to the other Claims or Interests, as the case may be, in such class.

   b. <u>Specific Unimpaired Classes (§1123(a)(2)).</u> Administrative Claims, and Classes of Claims and Interests classified in Classes 1 through 5 are unimpaired under the Plan.

   c. <u>Specific Treatment of Impaired Classes (§1123(a)(3).</u> No Classes of Claims or Interests are Impaired under the Plan.

   d. <u>No Discrimination (§1123(a)(4)).</u> The Plan provides for the same treatment of each Claim or Interest in a particular Class without discriminating against any holders in those Classes.

   e. <u>Implementation of the Plan (§1123(a)(5)).</u> The Plan provides adequate means for its implementation. The Property shall be sold at public auction (the "<u>Sale</u>") pursuant to bidding procedures ("<u>Bidding Procedures</u>") annexed to the Disclosure Statement. The proceeds of the Sale ("<u>Sale Proceeds</u>"), together with a cash contribution ("<u>Cash Contribution</u>") to be provided by Secured Creditor, as necessary to make distributions to holders of allowed Claims and Interests, as set forth in the Plan. All claims against the Debtor's estate including, without limitation, the payment and/or resolution of Administrative Claims (including Post Petition Tax Claims) shall be paid by the Disbursing Agent from the Sale Proceeds and the Cash Contribution.

   f. <u>Executory Contracts and Unexpired Leases (§1123(b)(2)).</u> Executory contracts and unexpired leases of the Debtor shall be deemed rejected in accordance with § 365 of the Bankruptcy Code, except those pertaining

        to written leases between the Debtor and residential tenants at the Property.

g. <u>The Plan Proponent is in Compliance with the Bankruptcy Code (§1129(a)(2)).</u> The Plan Proponent has complied with the applicable provisions of the Bankruptcy Code. Notice of the Hearing to approve the Disclosure Statement and confirm the Plan and the date and time to assert objections to confirmation of the Plan were in compliance with (i) the Scheduling Order, (ii) the applicable provisions of the Bankruptcy Code and (iii) the applicable Federal Rules of Bankruptcy Procedure.

h. <u>Plan is Proposed in Good Faith (§1129(a)(3)).</u> The Plan has been proposed in good faith and not by any means forbidden by law. The Plan Proponent's good faith is evident from the facts and record of this Case, the Disclosure Statement, the Hearing, the record of the Hearing and other proceedings held in this Case.

i. <u>Payments of Costs and Expenses (§1129(a)(4)).</u> Any payment made or to be made by the Debtor for services or for costs and expenses in or in connection with the Case, or in connection with the Plan and incidental to the Case has been disclosed to the Court, and where appropriate pursuant to the Plan, has been approved by the Court or is subject to approval of this Court as reasonable.

j. <u>Insiders (§1129(a)(5)).</u> The Plan provides for the sale of the Property at public auction. Holder(s) of the Equity Interests in the Debtor shall retain their interest in the Debtor solely for the purposes of winding down the affairs of the Debtor.

k. <u>No Rate Change (§1129(a)(6)).</u> No rate changes are provided for in the Plan that would require governmental regulatory commission approval.

l. <u>Best Interests of Creditors (§1129(a)(7)).</u> Each holder of a Claim in each Class under the Plan will receive or retain under the Plan on account of such Claim a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date.

m. <u>Plan Acceptance (§1129(a)(8)).</u> No Classes of Claims or Interests are impaired under the Plan.

n. <u>Plan Treatment of Administrative Claims and Priority Claims (§1129(a)(9)).</u> The Plan provides that each Allowed Administrative Claim is to be paid in full in Cash on the Effective Date of the Plan, or when the claim is allowed, unless the holder of the claim agrees

> otherwise. The Plan also provides that each Priority Claim will be paid the full allowed amount of its claim, on the Effective Date.
>
> o. <u>Acceptance of Impaired Class Under the Plan (§1129(a)(10)).</u> No Classes of Claims are impaired under the Plan.
>
> p. <u>Feasibility (§1129(a)(11)).</u> By virtue of the Sale of the Property and the Cash Contribution, the Plan Proponent has demonstrated its ability to meet the financial obligations under the Plan.
>
> q. <u>Fees (§1129(a)(12)).</u> All fees and interest payable under 28 U.S.C. §1930(a)(6) and (f) and 31 U.S.C. §3717, have been or will be paid in Cash by the Disbursing Agent through the entry of a final decree closing this case, or until this case is converted or dismissed, whichever is earlier.
>
> r. <u>Retiree Benefits (§1129(a)(13)).</u> The Debtor is not obligated to provide "retiree benefits" within the meaning of § 1114(a) of the Bankruptcy Code. Accordingly, this provision is not applicable to this Plan in this Case.
>
> s. <u>No Other Plan (§1129(c)).</u> No other chapter 11 plan remains subject to consideration by this Court in the Case.
>
> t. <u>Principal Purpose (§1129(d)).</u> The principal purpose of the Plan is neither the avoidance of taxes nor the avoidance of the application of section 5 of the Securities Act of 1933.

3. In the event that the Plan Proponent or its nominee becomes the Successful Bidder at the Sale as described in the Plan, then the Plan Proponent or its nominee shall be deemed good faith buyers within the meaning of § 363(m) of the Bankruptcy Code, and as such, the Plan Proponent or its nominee shall be entitled to the protections of § 363(m) of the Bankruptcy Code.

4. The Sale of the Property shall be treated for all purposes, including for purposes of 11 U.S.C. §1146, as a transfer of estate property pursuant to a confirmed plan of reorganization.

5. The foregoing findings and conclusions satisfy the requirements of Rule 7052 of the Federal Rules of Bankruptcy Procedure. A finding of fact shall operate as a finding of

fact, no matter how denominated, and a conclusion of law shall operate as a conclusion of law, no matter how denominated.

**IT IS HEREBY ORDERED THAT**:

1) The Disclosure Statement, including the Bidding Procedures annexed thereto, ~~be, and~~ is hereby approved.

2) The Plan, ~~a copy of which is annexed hereto as Exhibit "A",~~ the terms and provisions of which are incorporated herein by reference as if fully set forth herein, ~~shall be, and~~ hereby is confirmed in all respects pursuant to 11 U.S.C. § 1129. Any objections to confirmation of the Plan, unless previously withdrawn, ~~shall be and~~ hereby are overruled.

3) To the extent of any inconsistency between the provisions of the Plan, Disclosure Statement and this Order, the terms and conditions contained in this Order shall govern.

4) The provisions of the Plan and this Order ~~shall be, and~~ hereby are binding upon the Debtor, the Plan Proponent, any holder of a Claim or Interest, and their agents, successors and assigns, whether or not the Claim or Interest is impaired under the Plan and whether or not the holder of such Claim or Interest has accepted the Plan.  The provisions of this Order shall be, and they hereby are, non-severable and mutually dependent.

5) a. All executory contracts and unexpired leases of the Debtor shall be deemed rejected under § 365(a) of the Bankruptcy Code, except those pertaining to leases between the Debtor and residential tenants at the Property.

b. The terms and conditions of the Plan are hereby approved, and the Debtor and the Plan Proponent are hereby authorized and directed to take all steps necessary to consummate the terms thereof, and to make all payments required thereunder.

    c.  The deadline by which all Administrative Claims must be filed is fourteen (14) days after entry of this Order.

  6)  On the Effective Date as defined in the Plan, pursuant to §§ 363(f), 1123(a)(5)(D), and 1141(c) and (d) of the Bankruptcy Code, title in the Property shall vest in the Successful Bidder, free and clear of all Claims, liens, encumbrances, charges and other interests, except that (x) if the Successful Bidder is the Plan Proponent or its nominee, then title to the Property subject shall vest subject only to the Plan Proponent's existing mortgage of record, but otherwise free and clear of all Claims, liens, encumbrances, charges and other interests at the election of the Plan Proponent, and (y) if the Successful Bidder is not the Plan Proponent or its nominee, then title to the Property subject shall vest subject only to the Plan Proponent's existing mortgage of record, but otherwise free and clear of all Claims, liens, encumbrances, charges and other interests in the sole discretion of the Plan Proponent, if Successful Bidder is desirous of same. In the event that the Plan Proponent (and/or its nominee) shall be deemed the Successful Bidder, then the Plan Proponent (and/or its nominee) shall be deemed a good faith purchaser under § 363(m) of the Bankruptcy Code and shall be entitled to all of the protections afforded by § 363(m) of the Bankruptcy Code.

  7)  As of the date that this Order is entered, Jaspan Schlesinger LLP is approved to act as the Disbursing Agent under the Plan. The Disbursing Agent shall not be required to obtain a bond from a recognized surety company for any funds held following the Confirmation Date.

  8)  The Disbursing Agent is authorized to execute, deliver, file, such contracts, instruments, releases, and other agreements or documents and take such actions and make such payments as may be necessary or appropriate to effectuate, implement or consummate

the terms and conditions of the Plan as confirmed hereby, whether or not specifically referred to in the Plan and this Order, without further order of the Court.

9) The Disbursing Agent shall hold all funds delivered to it in its capacity as Disbursing Agent, including the Cash Contribution, in escrow accounts, for disposition as provided in the Plan.

10) This Confirmation Order shall be a final determination as to the rights of all Claimants and Interest holders to participate in the Distributions under the Plan, whether or not (a) a proof of claim or interest is filed or deemed filed under § 501 of the Bankruptcy Code, (b) such Claim is an Allowed Claim, or (c) the holder of such Claim or Interest has accepted the Plan. The Disbursing Agent shall make payments and Distributions to holders of Allowed Claims from the proceeds of the Sale and any amount contributed by Plan Proponent, only in accordance with the Plan.

11) The Disbursing Agent and the Plan Proponent or its affiliate, and their agents and attorneys are hereby authorized, empowered and directed to execute, deliver and carry out all of the provisions of the Plan, and to perform such other acts as are necessary for the consummation of the Plan.

12) The Disbursing Agent shall retain sufficient funds from the proceeds of the Sale and/or any contribution from Plan Proponent to pay Allowed Administrative Claims and fees due to the Office of the United States Trustee and any applicable interest due thereon pursuant to 28 U.S.C. § 1930 and 31 U.S.C. § 3717.

13) All holders of Claims and Interests are precluded from asserting against the Debtors, their estates, the Plan Proponent, the Disbursing Agent or their professionals and agents, any Claim based upon any act of, or omission by, the Debtors, the Plan Proponent or the

Disbursing Agent or any transaction or other activity of the Debtor, the Plan Proponent or the Disbursing Agent of any kind or nature that occurred prior to the Effective Date.

14) In accordance with §1146(a) of the Bankruptcy Code, the initial transfer or sale of the Property shall not be taxed under any law imposing a stamp tax, mortgage recording tax, real estate transfer tax, or similar tax, including but not limited to any New York State and New York City Real Property Transfer Taxes.

15) Pursuant to § 1142(b) of the Bankruptcy Code, and any federal, state municipality, county and local governmental agency or department, including the Office of the City Register of the City of New York and any applicable Register's Office in the State of New York, shall record any document and instrument necessary or appropriate to effectuate the sale of the Property and the transactions contemplated by the Plan.

16) Plan Proponent and/or the Disbursing Agent are hereby authorized to execute any and all documents, including deeds, transfer tax documents, and other document necessary to transfer the Property, and to do any and all things and pay any and all sums necessary or required to effectuate the transactions approved and/or contemplated by this Order and the Plan.

17) This Court ~~shall~~ ***may*** retain jurisdiction of this case and proceedings or matters therein under the provisions of the Bankruptcy Code, including, without limitation, § 1142(b) thereof, and the Federal Rules of Bankruptcy Procedure, to ensure that the intent and the purpose of the Plan is carried out and given effect.

18) The Disbursing Agent shall pay the United States Trustee, from available Cash, quarterly fees arising under 28 U.S.C. §1930(a)(6) and any applicable interest under 31

U.S.C. § 3717 from and after the Effective Date through the entry of a final decree closing this case or until this case is converted or dismissed, whichever is earlier.

19) The Debtor shall file quarterly reports and all quarterly post-confirmation reports until the case is closed, converted or dismissed.

20) The stay of this Order otherwise imposed by Bankruptcy Rule 3020(e) is hereby waived and this Order shall be deemed a final order, and the period in which an appeal must be filed shall commence immediately upon entry hereof.

21) The Plan Proponent shall file with the Court and shall serve notice of the occurrence of the Effective Date of the Plan on all Claimants and Interest holders, the United States Trustee, and other parties in interest, by causing notice thereof to be delivered to such parties by first-class mail, postage-prepaid, within ten (10) business days after the occurrence of the Effective Date of the Plan, such notice being deemed adequate under the circumstances and no other or further notice thereof being deemed necessary.

22) In so far as this is a liquidating plan, the Debtor shall not receive a discharge in accordance with Section 1141(d) of the Bankruptcy Code.



**Dated: Brooklyn, New York**
**November 10, 2020**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**

Appendix

| # | Debtor Name | Case No. | Last 4 Digits of EIN |
|---|---|---|---|
| 1. | 4811 Associates LLC | 19-44263 | 9576 |
| 2. | 5505 Associates LLC | 19-44264 | 9596 |
| 3. | 5507 Associates LLC | 19-44265 | 9544 |